Filed 12/12/22  P. v. Timmons CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B318641 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA092279) |
| v. | |
| KENNETH TIMMONS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hilleri G. Merritt, Judge.  Dismissed.

Ryan Patrick King, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On March 26, 2019, pursuant to a plea agreement, defendant Kenneth Timmons pleaded no contest to inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a))[1] and admitted he personally inflicted great bodily injury on his victim (§ 12022.7, subd. (a)). The trial court sentenced defendant to seven years in state prison. The court suspended execution of that sentence and placed defendant on felony probation for five years under various terms and conditions, including the condition he complete a 52-week domestic violence course.

At a probation violation hearing on November 18, 2020, defendant admitted he violated probation by failing to participate in domestic violence counseling. The trial court reinstated probation under various terms and conditions, advising defendant he would be going to prison for seven years pursuant to his plea agreement if he did not "get back on track" with domestic violence counseling.

At a probation violation hearing on February 10, 2022, a probation officer testified that defendant violated probation by his arrest for petty theft; failing to report to the probation department consistently, or at all after June 2, 2021; failing to pay his "financial obligation"; and not completing domestic violence counseling. Further, defendant admitted using illegal narcotics, specifically, MDMA, cocaine, and marijuana.

At the continued probation violation hearing on February 24, 2022, an organized retail crime investigator for Marshall's and other stores in Los Angeles County testified that defendant stole merchandise from Marshall's stores on multiple occasions in 2021. Defendant was arrested on May 20, 2021, following one of the thefts.

---

[1] All further statutory references are to the Penal Code.

2

Focusing on defendant's retail theft, the trial court found defendant violated probation and ordered execution of defendant's seven-year sentence.

We appointed counsel to represent defendant on appeal. On July 28, 2022, counsel filed an opening brief in which he did not identify any arguable issues and requested that we follow the procedure set forth in *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).

On July 29, 2022, we notified defendant that appointed counsel had failed to find any arguable issues and he had 30 days within which to brief independently any grounds for appeal, contentions, or arguments he wished us to consider. Defendant did not file a supplemental brief.

*Wende* "review was established to protect the federal constitutional right to the effective assistance of counsel in a direct appeal from a criminal conviction." (*People v. Freeman* (2021) 61 Cal.App.5th 126, 134.) This is not a direct appeal from defendant's criminal conviction. Because appointed counsel filed a *Wende* brief that identifies no issues and defendant has not filed a supplemental brief, we dismiss the appeal as abandoned. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, review granted Oct. 14, 2020, S264278; see *People v. Freeman, supra*, 61 Cal.App.5th at p. 134.) In any event, we have reviewed the record and are satisfied that defendant's appointed counsel has fully complied with his responsibilities in the instant appeal and no arguable issues exist. (*Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


                                    KIM, J.


We concur:



        RUBIN, P. J.



        BAKER, J.


4